UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAURIN POPAT, M.D.

                          Plaintiff,

            vs.

ELAD LEVY, M.D., THE STATE UNIVERSITY OF
NEW YORK AT BUFFALO, UNIVERSITY AT
BUFFALO SCHOOL OF MEDICINE AND
BIOSCIENCE, UNIVERSITY AT BUFFALO          **Case No: 15-cv-01052**
NEUROSURGERY GROUP, AND KALEIDA
HEALTH.

                          Defendants.
_____


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
STATE UNIVERSITY OF NEW YORK AT BUFFALO AND
THE UNIVERSITY AT BUFFALO SCHOOL OF MEDICINE AND BIOSCIENCE
MOTION TO DISMISS**


ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants
STATE UNIVERSITY OF NEW YORK AT
BUFFALO and THE UNIVERSITY AT
BUFFALO SCHOOL OF MEDICINE AND
BIOSCIENCE
GEORGE MICHAEL ZIMMERMANN
Assistant Attorney General of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
(716) 853-8444
George.Zimmermann@ag.ny.gov

## PRELIMINARY STATEMENT

Defendants State University of New York at Buffalo and the University at Buffalo School of Medicine and Bioscience ("State defendants") submit this memorandum in support of their Motion to Dismiss the Second Amended Complaint (ECF No. 60; "the Complaint" or "Compl.") pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. Proc.") 12 (b) (1) and (6). The plaintiff alleges that he a doctor and an employee of all of the defendants, including the State defendants. Compl. ¶¶ 2 and 9.  The State defendants are alleged to be part of "the State University of New York system". Compl. ¶ 11.  The gravamen of plaintiff's claims are that he was offended by the conduct of defendant Dr. Levy and filed a complaint with the State defendants regarding Levy's alleged discriminatory conduct. Compl. ¶¶ 42 – 51.  Plaintiff alleges that, as a result of this complaint, he was terminated as an employee of the State defendants by Levy. Compl. ¶¶ 50 – 51.

The Complaint alleges six claims.  The first and second claims are brought pursuant to "Title VII" (42 U.S.C.A. § 2000-2 e) for discrimination and retaliation Compl. ¶¶ 59 – 71.  These claims are brought against the "Defendants". *Id.*  The third claim is for discrimination and retaliation under New York's Human Rights Law (New York Executive Law § 290, *et. seq.*), again brought against "Defendants". Compl. ¶¶ 72 – 76.  Plaintiff's fourth claim, is brought pursuant to 42 USC § 1981. Compl. ¶¶ 77 – 87.  The fourth claim specifically names "the University". Compl. ¶ 78.  Plaintiff's fifth claim is brought pursuant to 42 USC § 1983, against "Defendants". Compl. ¶¶ 88 – 93.  The sixth, and final, claim is brought pursuant to New York's common law tort of tortious interference. Compl. ¶¶ 94 – 108.  It also names "the University" as well as "Defendants". Compl. ¶ 95.

The State defendants bring the instant Motion to Dismiss against plaintiff's State law

claims (the third and sixth), since these are causes of action under which this Court can not

exercise jurisdiction due to the State defendants' Eleventh Amendment immunity.  The same is

true for plaintiff's § 1981 claim (the fourth).  Further, the State defendants can not be a defendant

in a cause of action under § 1983, as neither is "a person", which is required to be a defendant

under that statute.  As will be seen below, the third through sixth causes of action are either

beyond this Court's jurisdiction or fail to state a claim upon which relief can be granted as

against the State defendants and must be dismissed against them, pursuant to FRCP 12 (b) (1)

and (6).

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12 (b) (6)

may be granted only "if it appears beyond a doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief."  <u>Hamilton Ch. Of Alpha Delta Phi v.

Hamilton College</u>, 128 F.3d 59, 63 (2d Cir. 1997), quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 46

(1957).  In determining a motion to dismiss under Rule 12 (b) (6) the court must presume all

factual allegations of the Complaint to be true and make all reasonable inferences in favor of the

non-moving party. <u>Id</u>.  However, legal conclusions, deductions, or opinions are not given a

presumption of truthfulness.  <u>Albany Welfare Rights Organization Day Care Center, Inc. v.

Schreck</u>, 463 F.2d 620 (2d Cir. 1972), cert. denied, 410 U.S. 944 (1973).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129

S.Ct. 1937, 1149 (2009), citing, <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, at 570 (2005).  A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Ashcroft v.

Iqbal at 556. "(W)here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged  -- but it has not "show[n]" -- 'that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, *Id*.  In the case at bar, the third, fourth, fifth, and sixth claims of the Complaint fail to state claims upon which relief against the State defendants and must therefore be dismissed.

## POINT I

### PLAINTIFF'S STATE LAW CLAIMS
### MAY NOT BE PURSUED AGAINST THE STATE DEFENDANTS
### IN FEDERAL COURT

The Eleventh Amendment to the United States Constitution bars all federal suits for any kind of relief by citizens against their own states, state agencies and/or state entities, absent waiver of immunity and consent to suit by the state or abrogation of constitutional immunity by Congress.  See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-147 (1993) and Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 97-100 (1984).  When the State University of New York is sued, it is the State of New York which is the real party. Dube v. State University of New York, 900 F.2d 587 (2d Cir. 1990); see also State University of New York v. Syracuse University, 285 A.D. 59, 61 - 62 (3d Dept., 1954). Therefore, the State defendants are also protected by the Eleventh Amendment.

As stated above, the plaintiff's third and sixth causes of action are based on New York law.  However, Federal courts lack jurisdiction over state law claims brought against the State where the requested relief would be directed against the state itself, even if the relief would be limited to prospective relief.  In Pennhurst the Supreme Court held that:

> "A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform

> their conduct to state law.  Such a result conflicts directly with the principles of
> federalism that underlie the Eleventh Amendment.  We conclude that <u>Young</u>
> and <u>Edelman</u> are inapplicable in a suit against state officials on the basis of state
> law."

*Id.* at 106.

Plaintiff cannot escape this holding by citing the supplemental (formerly called pendent)

jurisdiction of the Court.  The Court in <u>Pennhurst</u> specifically considered this argument and

rejected it:

> "[N]either pendent jurisdiction nor any other basis of jurisdiction
> may override the Eleventh Amendment.  A federal court must
> examine each claim in a case to see if the court's jurisdiction over
> that claim is barred by the Eleventh Amendment.  We concluded
> above that a claim that state officials violated state law in carrying
> out their official responsibilities is a claim against the State that is
> protected by the Eleventh Amendment.  We now hold that this
> principle applies as well to state-law claims brought into federal
> court under pendent jurisdiction."

<u>Pennhurst</u>, *supra* at 121 (footnote and citation omitted).  See also <u>Perry v. Johnson</u>, 150 Fed.

Appx. 22, 23 (2d Cir., 2005).  Therefore, the plaintiff's third cause of action based upon New

York's Human Rights Law, as well as the sixth cause of action based on New York common law,

must be dismissed as against the State defendants, since this Court lacks jurisdiction over them.

## POINT II

### THE STATE DEFENDANTS POSSES ELEVENTH AMENDMENT IMMUNITY FROM LIABILITY UNDER 42 USC § 1981

Just as the State defendants can not be sued for State law claims in Federal Court, neither

can they be sued under 42 USC § 1981.  It is well-settled that §1981 does not override the

Eleventh Amendment immunity afforded states, state agencies and/or entities, and state officials

acting in their official capacities.  See, e.g., <u>Yoonessi v. State University of New York</u>, 56 F.3d

10, 12 (2d Cir. 1995), cert. denied, 516 U.S. 1075 (1996) (affirming dismissal of §1981 claim on

Eleventh Amendment grounds) and <u>Chinn v. City University of New York</u>, 963 F. Supp. 218,

224 (E.D.N.Y. 1997) (dismissing §1981 claim on Eleventh Amendment grounds).  The State

defendants simply can not be sued under § 1981, and the Complaint's fourth claim must be

dismissed, as against them.

**POINT III**

**THE STATE DEFENDANTS ARE NOT A "PERSON"
PURSUANT FOR PURPOSES OF 42 USC § 1983**

42 USC § 1983 provides, in relevant part, that "[e]very person who, under color of any

statute … causes to be subjected, any citizen of the United States or other person within the

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured".  However, it is well established that

States and their administrative units are not a "person" within the meaning of § 1983. <u>Will v.

Mich. Dep't of State Police</u>, 491 U.S. 58, 66, 71 (1989) ("Neither a State nor its officials acting

in their official capacities are 'persons' under § 1983"); <u>Spencer v. Doe</u>, 139 F.3d 107, 111 (2d

Cir. 1998) ("[n]either a state nor one of its agencies ... is a 'person' under § 1983"); and <u>Harris v.

New York State Dep't of Health</u>, 202 F. Supp. 2d 143, 178 (S.D.N.Y. 2002) (dismissing § 1983

claims asserted against state agency because "neither the State nor its agencies qualify as

'persons' under §1983 ... [and] are not subject to suit under that statute").  Since the State

defendants are not a "person" under § 1983, so plaintiff § 1983 cause of action fails to state a

claim upon which relief can be granted, and must be dismissed.

## Conclusion

Based on the foregoing, all claims in the Complaint must be dismissed as against the

State defendants, with the exception of the first and second claims brought under under Title VII.

Dated: Buffalo, New York
       November 2, 2017

                                 `                ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants
STATE UNIVERSITY OF NEW YORK
AT BUFFALO and THE UNIVERSITY AT
BUFFALO SCHOOL OF MEDICINE AND
BIOSCIENCE
BY:


/s/ George Michael Zimmermann
GEORGE MICHAEL ZIMMERMANN
Assistant Attorney General of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
(716) 853-8444
George.Zimmermann@ag.ny.gov