UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SAURIN POPAT, M.D.,

                  Plaintiff,

      v.

ELAD LEVY, M.D., et al.,

                  Defendants.

_____

**DECISION AND ORDER**

1:15-CV-01052 EAW

Pending before the Court are objections filed by defendants Elad Levy, M.D. and University at Buffalo Neurosurgery Group, Inc. ("Defendants") (Dkt. 116) to a Decision and Order issued by United States Magistrate Judge H. Kenneth Schroeder, Jr. (Dkt. 114) resolving various discovery motions filed by the parties. Defendants object to Judge Schroeder's decision to quash subpoenas directed to former employers of plaintiff Saurin Popat, M.D. ("Plaintiff"), and they also object to Judge Schroeder's decision with respect to certain discovery sought by Defendants. Plaintiff has filed a response opposing Defendants' objections. (Dkt. 118).

With respect to the aspect of Defendants' objections directed to Judge Schroeder's resolution of Defendants' motion to compel (which was never properly filed as a motion, but nonetheless resolved by Judge Schroeder), the Court agrees with Plaintiff that Defendants have failed to comply with this Court's Local Rule 72(a) because they have not set forth the specific matters to which they object. Judge Schroeder's Decision and Order specifically and thoroughly discussed each document demand and interrogatory that

was at issue with Defendants' motion to compel, and Defendants make no reference in their objections to the specific aspects of Judge Schroeder's decision with which they disagree. Instead, Defendants discuss generally the subject areas which they believe are relevant and for which information should be produced, but they leave it to the Court to speculate as to the specific document demands and interrogatories they believe responses should have been compelled. On this ground alone, the Court would overrule Defendants' objections.

Moreover, the Court has reviewed Judge Schroeder's Decision and Order, and finds that it is neither clearly erroneous nor contrary to law. The standard of review with respect to Defendants' objections is highly deferential—Judge Schroeder's determination is nondispositive, and, as such, it may be set aside only if clearly erroneous or contrary to law. *See*, *e.g.*, *Eisai Ltd. v. Dr. Reddy's Labs., Inc.*, 406 F. Supp. 2d 341, 342 (S.D.N.Y. 2005) ("Under Fed. R. Civ. P. 72(a), a District Court may set aside a Magistrate Judge's determination on a '[n]ondispositive [m]atter[ ]' only if that determination is 'clearly erroneous or contrary to law.' Discovery rulings . . . are nondispositive matters subject to that standard of review." (alterations in original)). The clearly erroneous/contrary to law standard of review is "highly deferential" and "a district court may reverse the order only if on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Rodriguez v. Pie of Port Jefferson Corp.*, 48 F. Supp. 3d 424, 425 (E.D.N.Y.2014) (quotations and citations omitted); *see also Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) (explaining that an order "is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure" (quotation

omitted)); *Flaherty v. Filardi*, No. 03 Civ. 2167(LTS)(HBP), 2009 WL 749570, at \*19 (S.D.N.Y. Mar. 20, 2009) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes. . . ." (internal quotation marks and alterations omitted)), *aff'd*, 460 F. App'x 66 (2d Cir. 2012).

With respect to Defendants' argument concerning the motion to quash, the Court notes that notwithstanding the significant case law relied upon by Judge Schroeder (Dkt. 114 at 7-9), and cited in Plaintiff's response (Dkt. 118 at 4-8), in support of the conclusion that the records sought with the subpoenas are not relevant, Defendants cite to one case (using an improper citation format) (*see* Dkt. 116 at 7)—and yet, that case does not stand for the proposition that Defendants claim it does.  In *O'Garra v. Northwell Health, fka, North Shore Long Island Jewish Medical Health System, Inc.*, CV 16-2191 (DRH)(AYS), 2018 WL 502656 (E.D.N.Y. Jan. 22, 2018), the court held that the plaintiff's *current* employment records were relevant to his discrimination and retaliation claims.  *Id.* at \*3- 4.  That case does not support Defendants' contention that they are entitled to obtain access to Plaintiff's *prior* employment records that pre-date (by many years) the events at issue in this litigation.  Defendants misconstrue that decision when they suggest it states otherwise.

Based on the foregoing, the Court overrules Defendants' objections (Dkt. 116) and affirms Judge Schroeder's Decision and Order (Dkt. 114).

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:       November 30, 2020
             Rochester, New York