

December 23, 2020

**VIA CMECF**

Hon. H. Kenneth Schroeder, Jr.
United States Magistrate Judge
2 Niagara Square
Buffalo, New York 14202

      RE:    <u>Popat v. Levy et. al.; Case No. 15-cv-1052</u>

Dear Judge Schroeder:

    I write today to request a conference with the Court concerning an issue that has arisen regarding the privilege log produced by Defendants University at Buffalo Neurosurgery, Inc. ("UBNS") and Elad Levy pursuant to the Decision and Order issued by this Court on November 3, 2020.

    As the Court is aware, on November 3, 2020 this Court issued its Decision and Order concerning Plaintiff's Motions to Quash, to Compel, and for a Protective Order, and concerning certain Defendants' Cross-motions to Compel (Dkt. No. 114). The Decision and Order provided that Defendants UBNS and Levy were required to provide a privilege log pursuant to Fed. R. Civ. P. 26(a)(5)(A) and Local Rule of Civil Procedure 26 within 30 days.

    On December 3, 2020 Defendants UBNS and Levy produced their privilege log, a copy of which is attached hereto as *Exhibit A*. The log is deficient since it does not include a description of any of the documents withheld with any specificity as required by both Fed. R. Civ. P. 26 and Local Rule 26. Because the log lacks any description of the documents withheld, it is impossible for Plaintiffs to assess Defendants' claims of privilege to determine whether any of the documents were improperly withheld, or whether the privilege may have been waived.

    For example, in their pleadings Defendants UBNS and Levy have raised as an affirmative defense that Defendants' actions were based on legitimate, non-discriminatory reasons. Such a defense may waive claims of privilege over certain documents. The vagueness of the Defendants' privilege log does not permit Plaintiff to effectively assess whether such a waiver may have occurred with respect to certain documents, and to pursue appropriate next steps that might be necessary.

Popat v. Levy, et. al.
Hon. H. Kenneth Schroeder, Jr.
December 23, 2020
Page 2

On December 9, 2020, Plaintiff wrote to Defendants UBNS and Levy identifying these deficiencies, among others, and requesting a supplemental response and clarification concerning whether Defendants had in fact identified all documents withheld under a claim of privilege. A copy of that letter is attached as *Exhibit B*. Initially, Defendants UBNS and Levy did not respond to that letter, or to a follow-up email sent on December 17, 2020, wherein we informed their counsel that if we did not receive a response, we would request a conference with the Court to resolve the issue as soon as possible.

Today, December 23, 2020, Defendants UBNS and Levy at last forwarded a response to Plaintiff's December 9, 2020 deficiency letter and provided a supplemental privilege log. Unfortunately, this latest privilege log still fails to provide descriptions of the documents withheld, other than adding an additional notation to the "subject" of two of the communications. Defendants' counsel further indicated in her cover letter enclosing the revised log that Defendants do not believe they are required to provide any information concerning the actual subject matter of any of the communications identified on their log. A copy of this correspondence and supplemental privilege log is attached as *Exhibit C*.

It has become clear that Defendants do not intend to provide the complete information required pursuant to the federal and local rules. The parties are in the process of scheduling fact depositions for this matter. As the Court can appreciate, however, Plaintiff cannot proceed with depositions without ensuring that he has all relevant, non-privileged documents in his possession prior to those depositions. And Plaintiff cannot effectively evaluate Defendants' claims of privilege without receiving a privilege log that contains the information Plaintiff is entitled to in accordance with the federal and local rules.

Because the Court has already ordered Defendants UBNS and Levy to produce this privilege log, we believe that this dispute can be most efficiently resolved via a conference to clarify Defendants' obligations rather than further formal motion practice on an already determined issue. But we are happy to comply with whatever the Court directs. Should the Court schedule a conference, Defendants SUNY and Kaleida have requested that we notify the Court that their availabilities for a conference begin on or after January 5, 2021.

Finally, as an update for the Court concerning depositions, the parties are currently discussing a realistic deposition and expert disclosure schedule for this matter and anticipate that a request for an extension of the scheduling order may be forthcoming. We will of course keep the Court apprised of any such developments.

Popat v. Levy, et. al.
Hon. H. Kenneth Schroeder, Jr.
December 23, 2020
Page 3

      Please advise as to the Court's preferred course of action at your earliest convenience. Should you have any questions or concerns, please feel free to contact me at (585) 210-2150 or LFigueras@GlennonLawFirm.com.

                                                                  Respectfully submitted,

                                                                  **/s/ Laura K. Figueras**

                                                                  Laura K. Figueras

cc: Colleen K. Mattrey, Esq. (all via CMECF)
    George M. Zimmermann, Esq.
    Amy L. Hemenway, Esq.

Popat v. Levy, et. al.
Hon. H. Kenneth Schroeder, Jr.
December 23, 2020
Page 2