

December 9, 2020

**VIA U.S. MAIL & EMAIL (ckm@ricottalaw.com)**

Colleen K. Mattrey, Esq.
Ricotta, Mattrey, Callocchia, Markel & Cassert
496 Main Street
Buffalo, NY 14202

      Re:  <u>Saurin Popat, M.D. v. Elad Levy, M.D., et al.</u>

Dear Colleen:

      Thank you for your letter of December 3, 2020. I am writing to follow-up with you regarding certain of your client's responses, or supplementation of responses, to Plaintiff's discovery demands. Plaintiff reserves all rights.

**<u>Defendant's Privilege Log</u>**

      First, the title of Defendant's privilege log states that it is "UBNS Privilege Log." However, the log identifies multiple communications made by Defendant Levy, and as detailed below, Defendant Levy has also indicated that he may be withholding documents under claim of privilege. Please confirm that the log is in fact intended to cover withheld documents for both Defendant Levy and Defendant UBNS.

      Second, the privilege log is incomplete in that it fails to comply with Fed. R. Civ. P. 26(a)(5)(A) and Local Rule of Civil Procedure 26(d)(1)(B)(i). Fed. R. Civ. P. 26(a)(5)(A) provides that any privilege log must: "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Further, Local Rule of Civil Procedure 26(d)(1)(B)(i) provides that any privilege log must include the "general subject matter of the document."

      The privilege log does not provide any description of the subject matter of the documents withheld. There is a "Subject" category on the log, however, the subject of each and every identified document is simply "Popat." Without the detail required by both the federal and local rules, and as quoted by Judge Schroeder in his recent Decision and Order, Plaintiff is unable to assess Defendants' claims that these documents are privileged.

Popat v. Levy, et. al.
Colleen K. Mattrey, Esq.
December 9, 2020
Page 2

Please also confirm that this privilege log encompasses **all** documents withheld under a claim of privilege. Your letter appears to indicate that Dr. Levy/UBNS are producing a privilege log identifying responsive documents with regard only to Request No. 9 of Plaintiff's First Request for Production of Documents. However, Defendants objected to multiple other documents requests on the grounds of privilege, including Plaintiff's First Request for Production of Documents to Defendant Levy No. 8, and Plaintiff's First Request for Production of Documents to Defendant UBNS Nos. 2, 3, and 7. As I am sure you are aware, both the federal rules and local rules require that a privilege log be produced with respect to **all** documents withheld as privileged. Thus, to the extent that Defendants are withholding documents that have not been identified on this privilege log, please supplement the log accordingly. We request that the privilege log be supplemented no later than December 15, 2020.

Further, to clarify, in your letter you state that the log was produced in response to "Plaintiff's First Set of Interrogatories to Defendant Levy and UBNS, Interrogatory # 9." Plaintiff is assuming that this was a misidentification and that Defendants are in fact referring to Plaintiff's First Request for Production of Documents to Defendant Levy, Request No. 9 (Plaintiff never served a joint set of interrogatories on both UBNS and Levy). If this assumption is incorrect, please let us know.

Finally, with regard to the email communications that were identified on the privilege log, there does not appear to be a category that would identify any attachments to the email communications. If there were no attachments, then please confirm as much, otherwise, please supplement this information, and please be sure to include this information with regard to any additional documents that may be identified in the future.

**Defendants' Responses to Plaintiff's Third Request for Production of Documents and Third Set of Interrogatories to Defendant UBNS**

Finally, Plaintiff is in receipt of the Affidavit of Michael Cournyea and accompanying documents submitted in response to Plaintiff's Third Request for Production of Documents and Third Set of Interrogatories to Defendant UBNS. Plaintiff notes that these responses are not in proper form, as Defendant UBNS has submitted a narrative affidavit in response to interrogatory and document demands, rather than proper written responses. Plaintiff reserves his right to seek written responses in proper form and substance.

In any event, with respect to the substance of the disclosure, we wish to clarify the contents of one of the spreadsheets produced with Michael Cournyea's affidavit, entitled "Neuroendoscopy Co-Surgeons 1.1.10-3.12.20." Is this document intended to show the dates and number of Neuroendoscopy surgeries in which physicians other than Dr. Popat acted as co-surgeons to UBNS physicians? Please confirm. If this is indeed the case, then we would ask that Defendant UBNS supplement this disclosure to include the additional

Popat v. Levy, et. al.
Colleen K. Mattrey, Esq.
December 9, 2020
Page 3

columns of information that appear on the spreadsheet entitled "Copy of List of Surgeries with Popat 1.1.10-03.12.20.

    If you have any questions, please do not hesitate to contact me via email at LFigueras@GlennonLawFirm.com or at 585-210-2150.

                              Very truly yours,

                              **/s/ Laura K. Figueras**

                              Laura K. Figueras

cc:    George M. Zimmerman, Esq. (via email: George.Zimmermann@ag.ny.gov)
         Amy L. Hemenway, Esq. (via email: ahemenway@hselaw.com)