KEVIN A. RICOTTA †
COLLEEN K. MATTREY
TOMAS J. CALLOCCHIA
KATHERINE V. MARKEL
JILL L. CASSERT *

**RICOTTA, MATTREY, CALLOCCHIA, MARKEL & CASSERT**
ATTORNEYS & COUNSELORS AT LAW
496 MAIN STREET
BUFFALO, NEW YORK 14202
T: (716) 854-6424   F:(716) 854-6425

BRYAN J. DANIELS
THERESA L. GAGLIONE
DEVON E. GAWLEY
CHERYL D. KENNEDY

**MEDICAL CONSULTANTS**
DIANNE M. BIONDOLILLO, R.N.
NICOLE M. GORSKI

† Also admitted to The Pennsylvania Bar
* Also admitted to The Georgia Bar

December 23, 2020

<u>VIA EMAIL AND US MAIL</u>
Laura K. Figueras, Esq.
The Glennon Law Firm, P.C.
160 Linden Oaks
Rochester, NY  14625

  Re: *Popat v. Levy, M.D., the State University of New York, University at Buffalo, et al.*
    Docket No.:  1:15-cv-1052

Dear Laura:

  I am writing in response to your letter dated December 9, 2020 noting your objections/requests for clarification on our supplemental discovery responses.

## **Privilege Log**

  As for your objections to our privilege log, please find attached our amended privilege log with now includes a notation of an attached document exchanged between Kim Drozdowski and myself relative to UBNS' investigation of your client's initial complaint to Dean Cain.  You have already been provided said letter in our prior discovery responses. My apology for the oversight in not including the attachment reference.  Please note, Ms. Drozdowski is a member of management as the Director of Human Relations and therefore, any communications I had with her are subject to attorney client privilege, and no further disclosure regarding the specific subject matter is necessary.

  As for the remaining information, we disagree with your assessment that our privilege log does not comply with the local rules. However, in a good faith effort to resolve your concerns with our privilege log, please allow this to confirm that all emails referenced in our privilege log which bear the subject "Popat" are exchanges between myself and my clients regarding the complaint filed with Dean Cain as well as litigation regarding your client's allegations.  No further description of our discussions are appropriate.

## **Plaintiff's First Request for Production of Documents**

  As and for Dr. Levy's response to Plaintiff's First RFP, No. 8, all documents have been disclosed and/or included in the privilege log. No other documents exist.

As for UBNS' response to Plaintiff's First RFP, No. 2, all documents responsive to this demand have been disclosed and/or are included in the privilege log.

As for UBNS' response to Plaintiff's First RFP No. 3, as noted very clearly in our original response, neither Dr. Levy or any other member of UBNS created, maintained or in any way possesses any documents, recordings, videos, emails, or any other form of document/information whatsoever regarding the meeting which took place between Drs. Levy, Siddiqui, Leonardo, and Popat.

Finally, as for UBNS' response to Plaintiff's First RFP No. 7, all documents, including memos, notes, reports, regarding the events of July 22, 2014, have been disclosed or are included in the privilege log.

### **Plaintiff's Third Request for Production of Documents and Interrogatories to UBNS**

As and for UBNS' response to Plaintiff's Third RFP, I disagree with your assessment that the "form" of our response is improper. There are documents requested for which none exist, and to avoid confusion or need for repeat and additional back and forth over whether such documents exist, I requested that Mr. Cournyea, as CEO of UBNS, provide counsel with a narrative of the good faith efforts that were put forth to identify all documents that are responsive to Plaintiff's demands. You are certainly welcomed to question him at his deposition regarding any other specific information you seek.

As for the PDF printout of a spreadsheet, specifically tailored to your demand for identification of other surgeons with Dr. Popat's same qualifications who have operated with UBNS surgeons, as very clearly outlined by Mr. Cournyea in his Affidavit to avoid this very inquiry, the information could only be obtained by running a query of CPT codes that would be the same as for the types of procedures completed by Dr. Popat and UBNS surgeons. The procedure dates and names of the other community surgeons are included. For very obvious reasons, patients' names are not included. The only other information that could possibly be included would be the CPT codes used to run the query. If you would like that information, please advise and I will request that they be provided.

I trust that this responds to all your concerns. Should you wish to discuss, please do not hesitate to contact me. I remain,

Very Truly Yours,

Colleen K. Mattrey

CKM/jad
Enclosure

Cc: George Zimmerman, Esq. (via email only)
Amy Hemenway, Esq. (via email only)

Popat v. Levy        UBNS Privilege Log—AMENDED 12/23/2020

| Date | Document Type | Sender | Recipient | Subject | Privilege |
|---|---|---|---|---|---|
| 8/14/14 | Email | E.Levy | C. Mattrey | Popat | Atty-Client |
| 8/14/14 | Email | C. Mattrey | E. Levy | Popat | Atty-Client |
| 8/22/14 | Email w/attachment | C. Mattrey | K. Drozdowski | Popat, Letter to Dean --Investigation | Atty-Client |
| 8/25/14 | Email w/attachment | K. Drozdowski | C. Mattrey | Popat, revised letter to Dean re investigation | Atty-Client |
| 8/25/14 | Email | C. Mattrey | K. Drozdowski | Popat | Atty-Client |
| 9/2/14 | Email | E.Levy | C.Mattrey | Popat | Atty-Client |
| 9/2/14 | Email | C. Mattrey | E.Levy | Popat | Atty-Client |
| 9/5/14 | Email | C. Mattrey | E.Levy/A.Rittling | Popat | Atty-Client |
| 9/5/14 | Email | E. Levy | C.Mattrey | Popat | Atty-Client |
| 1/19/15 | Email | E.Levy | C.Mattrey | Popat | Atty-Client |
| 1/19/15 | Email | C. Mattrey | E.Levy | Popat | Atty-Client |
| 6/24/15 | Email | C.Mattrey | E.Levy/M.Cournyea | Popat | Atty-Client |
| 6/25/15 | Email | M.Cournyea | C.Mattrey/E.Levy | Popat | Atty-Client |
| 1/15/16 | Email | M. Cournyea | C.Mattrey | Popat | Atty-Client |
| 4/16/16 | Email | C.Mattrey | M.Cournyea/E.Levy | Popat | Atty-Client |
| 10/28/16 | Email | A.Rittling | E.Levy/M.Cournyea/C.Mattrey | Popat | Atty-Client |
| 5/19/17 | Email | C.Mattrey | E.Levy/M.Cournyea/A.Rittling | Popat | Atty-Client |
| 6/5/17 | Email | C.Mattrey | E.Levy/M.Cournyea | Popat | Atty-Client |
| 10/27/17 | Email | C.Mattrey | E.Levy/M.Cournyea | Popat | Atty-Client |
| 12/14/17 | Email | C.Mattrey | E.Levy | Popat | Atty-Client |
| 3/18/18 | Email | C.Mattrey | E.Levy/M.Cournyea | Popat | Atty-Client |
| 5/23/18 | Email | C.Mattrey | E.Levy/M.Cournyea | Popat | Atty-Client |
| 6/17/18 | Email | C.Mattrey | E.Levy/M.Cournyea | Popat | Atty-Client |
| 9/4/18 | Email | C.Mattrey | E.Levy | Popat | Atty-Client |
| 11/28/18 | Email | C.Mattrey | M.Cournyea/E.Levy | Popat | Atty-Client |
| 1/10/19 | Email | C.Mattrey | M.Cournyea/E.Levy | Popat | Atty-Client |
| 2/8/19 | Email | C.Mattrey | M.Cournyea/E.Levy | Popat | Atty-Client |
| 3/26/19 | Email | C.Mattrey | M.Cournyea | Popat | Atty-Client |

Popat v. Levy         UBNS Privilege Log—AMENDED 12/23/2020

| | | | | | |
|---|---|---|---|---|---|
| 5/26/19 | Email | C.Mattrey | E.Levy/M.Cournyea | Popat | Atty-Client |
| 8/1/19 | Email | C.Mattrey | E.Levy/M.Cournyea | Popat | Atty-Client |
| 10/27/19 | Email | C.Mattrey | E.Levy/M.Cournyea | Popat | Atty-Client |
| 1/4/20 | Email | C.Mattrey | E.Levy/M.Cournyea | Popat | Atty-Client |
| 3/20/20 | Email | C.Mattrey | E.Levy/M.Cournyea | Popat | Atty-Client |
| 11/7/20 | Email | C.Mattrey | E.Levy/M.Cournyea | Popat | Atty-Client |