

THE
GLENNON
LAW FIRM P.C.
PROFESSIONAL REPRESENTATION

January 26, 2021

**VIA U.S. MAIL & EMAIL** (ckm@ricottalaw.com)

Colleen K. Mattrey, Esq.
Ricotta, Mattrey, Callocchia, Markel & Cassert
496 Main Street
Buffalo, NY 14202

Re:  Saurin Popat, M.D. v. Elad Levy, M.D., et al.

Dear Colleen:

As you know, the Court's text order of December 30, 2020 (docket number 121) determined that the document descriptions provided on the amended privilege log attached to your letter of December 23, 2020 were sufficient. However, based on those descriptions (and the somewhat more detailed explanation in your December 23 letter), we have concluded that some or all of the documents listed on the amended privilege log are not privileged, or that any applicable privilege has been waived.

In your December 23 letter, you explained that an email exchange between yourself and UBNS Director of Human Resources Kimberly Drozdowski concerned Dr. Popat's initial complaint to Dean Cain and your client's internal investigation of that complaint. You further stated that "all emails referenced in our privilege log which bear the subject 'Popat' are exchanges between myself and my clients regarding the complaint filed with Dean Cain as well as litigation regarding your client's allegations." For the reasons discussed below, Plaintiff is entitled to discovery of all communications—including attorney-client communications—regarding your client's internal investigation of Dr. Popat's allegations.

First, neither the attorney-client privilege nor the work-product doctrine applies to documents prepared in the ordinary course of business, even where those documents or communications may help in future litigation. *See Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 37 (E.D.N.Y. 2013) ("[T]he mere fact that a communication is made directly to an attorney, or an attorney is copied on a memorandum, does not mean that the communication is necessarily privileged" (internal quotation marks and citation omitted).), *aff'd,* 29 F. Supp. 3d 142 (E.D.N.Y. 2014). Where an attorney provides business advice on human resources issues, rather than legal advice, such communications are not privileged. *See id.* at 44-45.

Popat v. Levy, et. al.
Colleen K. Mattrey, Esq.
January 26, 2021
Page 2

In this case, Dr. Popat sent a letter dated July 31, 2014 to Dean Cain, asking him to investigate Dr. Levy's actions. Dean Cain responded by letter on August 19, 2014, explaining that he would refer the matter to UBNS "for participation in an investigation of this matter as appropriate." Notably, he specifically stated that the University at Buffalo had a process in place to conduct such investigations, and that the investigation would be conducted pursuant to UB policy.

Your communications with Ms. Drozdowski listed on the privilege log began on August 22, 2014, just days after Dean Cain's August 19 letter, and you have confirmed that the emails listed on the privilege log concerned the investigation of Dr. Popat's complaint. Given that this investigation was being conducted pursuant to UB's regular process and policy, we contend that these are the same type of human resources-related communications at issue in *Koumoulis*.

Furthermore, even if any privilege applied to these documents and communications, UBNS and Dr. Levy have asserted affirmative defenses that put the good faith and reasonableness of the internal investigation at issue, thereby waiving the privilege. A party "may waive the privilege if he asserts a factual claim the truth of which can only be assessed by examination of a privileged communication." *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 488 (S.D.N.Y. 1993). Likewise, a party waives privilege where that "party's state of mind, such as his good faith belief in the lawfulness of his conduct, is relied upon in support of a defense." *Barbini v. First Niagara Bank, N.A.*, 331 F.R.D. 454, 460 (S.D.N.Y. 2019), *citing MBIA Ins. Corp. v. Patriarch Partners VIII, LLC.*, 2012 WL 2568972, at *7, 2012 U.S. Dist. LEXIS 92435, at *17-18 (S.D.N.Y. July 2, 2012).

Additionally, when a defendant employer in an employment discrimination case asserts the *Faragher/Ellerth* defense and puts the reasonableness of its internal investigation at issue, "the employer waives any privilege that might otherwise apply to documents concerning that investigation." *Koumoulis*, 295 F.R.D. at 41; *see generally Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). The Sixth Affirmative Defense in your clients' Answer to the Second Amended Complaint is the textbook formulation of the *Faragher/Ellerth* defense.

By itself, the assertion of the Sixth Affirmative Defense waives privilege with respect to any documents or communications related to the internal investigation of Dr. Popat's allegations of discrimination. But if more proof of waiver were required, the Seventh, Eighth, and Ninth Affirmative Defenses all assert, in one way or another, that your clients acted in good faith and believed their actions to be lawful.

By asserting these defenses, UBNS and Dr. Levy have put squarely at issue (1) documents and communications relating to all internal investigations of Dr. Popat's complaint; (2) documents and communications related to their state of mind, particularly their asserted good faith belief in the lawfulness of their actions; (3) documents and

Popat v. Levy, et. al.
Colleen K. Mattrey, Esq.
January 26, 2021
Page 3

communications concerning whether the discriminatory actions were taken with or without your clients' authorization, and whether such actions were contrary to Defendants' official decisions or policies; and (4) documents or communications supporting the position that UBNS and Dr. Levy would have taken the same actions in the absence of any discriminatory or retaliatory motives.

Therefore, your clients have waived any privilege that might otherwise apply to documents listed on the amended privilege log concerning the internal investigation of Dr. Popat's complaint. Please produce these documents (as well as an amended privilege log) no later than **Monday, February 2, 2021**. Otherwise, Plaintiff will file a motion to compel disclosure of the same.

If you have any questions, please do not hesitate to contact me via email at NRoberts@GlennonLawFirm.com or at 585-210-2150.

Very truly yours,

Nicholas C. Roberts

cc:     George M. Zimmerman, Esq. (via email: George.Zimmermann@ag.ny.gov)
        Amy L. Hemenway, Esq. (via email: ahemenway@hselaw.com)