UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAURIN POPAT, M.D. <br><br>    *Plaintiff*, <br><br> v. <br><br> ELAD LEVY, M.D., THE STATE UNIVERSITY OF NEW YORK AT BUFFALO, UNIVERSITY AT BUFFALO SCHOOL OF MEDICINE AND BIOSCIENCE, UNIVERSITY AT BUFFALO NEUROSURGERY GROUP, UNIVERSITY AT BUFFALO NEUROSURGERY, INC., AND KALEIDA HEALTH, <br><br>    *Defendants*. | REPLY DECLARATION OF NICHOLAS C. ROBERTS <br><br> Civil Action No.: <br> 15-CV-1052-EAW-HKS |

**NICHOLAS C. ROBERTS** declares the following under penalties of perjury:

1. I am an attorney duly admitted to practice law in the State of New York and this District Court, and I am an associate of The Glennon Law Firm, P.C., attorneys for plaintiff Saurin Popat, M.D. ("Dr. Popat" or "Plaintiff"), in this matter. I am fully familiar with the facts and circumstances set forth herein and make these statements based on my personal knowledge and my review of related documents and facts.

2. I make this Reply Declaration in further support of Plaintiff's Motion to Compel the production of certain documents withheld as privileged by defendants University at Buffalo Neurosurgery, Inc. ("UBNS") and Elad Levy, M.D. ("Levy") (together, "Defendants").

3. Defendants' opposition to the instant motion asserts that the only investigation at issue in this case was conducted by the SUNY codefendants. Contrary to Defendants' assertion, UBNS conducted its own internal investigation of Plaintiff's discrimination complaint. UBNS sent

a report summarizing the findings of its investigation to Dr. Michael Cain, Dean of the University at Buffalo medical school, dated August 25, 2014. A copy of this report is attached as **Exhibit A**.

4. Copies of the report attached as Exhibit A were produced by the SUNY and Kaleida codefendants, but *not* by UBNS or Levy, despite being plainly responsive and not privileged. Levy did produce a very similar letter addressed to Dr. Cain from Kimberly Drozdowski, UBNS's Director of Human Resources. But this letter was not signed, is not on UBNS letterhead, and appears to be an earlier draft of the letter that Ms. Kedron ultimately mailed to Dr. Cain. A copy of this draft is attached as **Exhibit B**.

5. A copy of UBNS's written responses to Plaintiff's First Requests for Production of Documents is attached as **Exhibit C**.

6. Kimberly Drozdowski stated in opposition to the instant motion that Defendants have already produced copies of UBNS's internal policies and procedures for reviewing claims of discrimination and harassment which were in effect as of August 2014 (Dkt. 129-1, Kimberly Drozdowski Affidavit, sworn to on March 19, 2021, ¶ 7). Upon information and belief, and after reviewing the contents of our file for this case, Plaintiff has never received such documents.

7. Defendants' counsel incorrectly asserts that "[f]uture litigation was obvious to all individuals involved" when Plaintiff filed his administrative complaint in August 2014 (Dkt. 130 at 4). Plaintiff's complaint does not threaten litigation or even mention such a possibility (*see* Dkt. 125-9). Furthermore, Plaintiff did not file an EEOC charge until May of 2015, and this action was not commenced until December 2015.

8. Defendants' opposition papers contend that if the instant motion is granted, Plaintiff will immediately seek to depose Defendants' counsel and make her a fact witness. This is merely

a straw-man argument. Plaintiff has never expressed an intention or a desire to depose Defendants' counsel, and has no such desire or intention at the present time.

9. Accordingly, and for all the reasons stated in the accompanying Reply Memorandum of Law, Plaintiff respectfully asks the Court to issue an order requiring Defendants to produce documents listed on Defendants' privilege log and relating to Defendants' internal investigation of Plaintiff's discrimination complaint or, in the alternative, Plaintiff asks the Court to conduct an *in camera* review of the documents at issue to determine whether they are entitled to be withheld as privileged, together with such other and further relief as the Court deems just and proper.

Dated: April 9, 2021
      Rochester, New York

                                               */s/ Nicholas C. Roberts*
                                                Nicholas C. Roberts