UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

SAURIN POPAT, M.D.

*Plaintiff*,

v.

ELAD LEVY, M.D., THE STATE UNIVERSITY OF NEW YORK AT BUFFALO, UNIVERSITY AT BUFFALO SCHOOL OF MEDICINE AND BIOSCIENCE, UNIVERSITY AT BUFFALO NEUROSURGERY GROUP, UNIVERSITY AT BUFFALO NEUROSURGERY, INC., AND KALEIDA HEALTH,

*Defendants.*

**UBNS RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**CV: 15-CV-1052 W**

Defendant University at Buffalo Neurosurgery, Inc. (hereinafter known as "UBNS") by and through their attorneys Ricotta, Mattrey, Callocchia, Markel and Cassert, Colleen K. Mattrey, Esq., of counsel, responds to plaintiff's first Request for Production of Documents dated January 16, 2019.

**GENERAL OBJECTIONS AND DEFINITIONS**

1. UBNS objects to any and all document requests to the extent they would require disclosure of information that comes from attorney client privilege.

2. UBNS objects to any and all document requests to the extent they would require disclosure of work product protection, including information obtained from preparations as part of the instant matter or in anticipation of asserting, pursuing and/or defending against claims in this case or any other, including but not limited to actions taken defending the claims in this case or any other related case.

3. UBNS objects to any and all document requests that call for require of disclosure of HIPAA protected information.

4. UBNS objects to any and all document requests that require disclosure of information subject to a non-disclosure agreement and/or confidentiality of a third party.

5. UBNS objects to any and all document requests that may call for information that is not relevant to the subject matter of this action and/or reasonably calculated to lead to admissible evidence.

6. UBNS objects to any and all requests that are vague, overly broad, harassing, burdensome, vexatious and/or oppressive.

7. All responses are made to Plaintiff's requests without in any way waiving or intending to waive, but to the contrary, intending to preserve:

a. All questions as to competency, relevance, materiality, privilege and.ir admissibility of evidence for any purpose at the trial of this action;

b. The right to object on any ground to use of these responses in any subsequent proceeding or at the trial of this action;

c. The right to object on any ground at any time to a demand for a further response to these or any other interrogatories or other discovery proceedings involving and/or relating to the subject matter of interrogatories answered herein; and

d. The right to supplement and/or amend these responses based upon the recollection of persons presently available or the discovery of additional information.

All responses that may be made to interrogatories are subject to the foregoing objections, and these objections are not waived by furnishing any information in response

to Plaintiff's interrogatories. Moreover, the responding party reserves the tight to supplement and/or amend at a later date.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST No. 1:**

Provide all documents regarding the relationships between or among the following:

a) Dr. Saurin Popat;

b) UBNS;

c) Dr. Elad Levy;

d) The State University of New York at Buffalo;

e) University at Buffalo School of Medicine and Bioscience; and,

f) Kaleida Health.

**RESPONSE:**

**a) No such documents exist as no relationship exists and/or existed other than verbal requests by various surgeons at UBNS at various times for assistance with surgical cases.**

**b) See response to (a) above.**

**c) See response to (a) and (b). Dr. Levy performed one surgery with Dr. Popat and such documents regarding said surgery have been provided to the extent allowable by law.**

**d) These documents have been provided in response to document requests directed to Dr. Levy. This demand is repetitive.**

e) **UBNS does not have specific documents that are responsive to this demand.**

f) **Attached hereto is a copy of an affiliation agreement between Kaleida Health, ECMCC and University at Buffalo. No other documents in the possession of UBNS are known to be responsive to this demand.**

**REQUEST No. 2:**

Provide all documents concerning the Plaintiff, including, without limitation, emails among UBNS employees.

**RESPONSE**:

**Objection. This demand calls for documents that are within the scope of attorney client privilege. Other than those communications between members of management and counsel, no other documents exist which are responsive to this demand.**

**REQUEST No. 3:**

Provide all documents concerning the meeting among Plaintiff, Defendant Levy, and others that occurred at the home of Dr. Siddiqui, as referenced in plaintiff's Initial Disclosures.

**RESPONSE**:

**Objection. This demand calls for documents that are within the scope of attorney client privilege. Other than those communications between members of management and counsel, no other documents exist which are responsive to this demand. Upon information and belief, no documents were created before, after, or during said meeting by any of the participants actually employed by UBNS.**

**REQUEST No. 4:**

Provide all documents related to any collaborative relationship between or among UBNS, its doctors, Plaintiff and/or the Delaware Medical Group, P.C.

**RESPONSE**:

**No such documents exist as there has never been a relationship between UBNS, Saurin Popat, MD and/or Delaware Medical Group, PC.**

**REQUEST No. 5:**

Provide all documents regarding Defendant Levy's positions at UBNS, Kaleida, The State University of New York at Buffalo, and University at Buffalo School of Medicine and Bioscience.

**RESPONSE**:

**Objection. This demand is duplicative of demands served to Dr. Levy. That objection notwithstanding and without waiver of said objection, all responsive documents have already been disclosed.**

**REQUEST No. 6:**

Provide the entire personnel file for Dr. Elad Levy, including, but not limited to, all employment contracts or agreements, referral agreements, pay stubs and statements, performance reviews, complaints made against him, and disciplinary records.

**RESPONSE:**

**Objection. This demand is patently improper, overly broad, oppressive and violates NYS Education and Employment laws without applicable exception. Dr. Levy's income, surgical and business performance reviews are not at issue in this**

**litigation. Further, it has already been attested to that no complaints exist that relate to discrimination of any kind that would be responsive to this demand.**

**REQUEST No. 7:**

For the relevant period, please provide the following:

a) Each communication or document reflecting, whether in whole or in part, any statement made by UBNS or any other person regarding Plaintiff, and/or his affiliation with UBNS, and/or the events of July 22, 2014;

b) Each and every business note, memoranda, diary, minute, calendar, or agenda regarding Plaintiff, and/or his employment/affiliation with Defendants, and/or the events of July 22, 2014;

c) Each document or other item that consists of or relates to conversations between Defendant, or any person acting on Defendant's behalf, and any other person regarding Plaintiff, his affiliation with Defendant and/or the events of July 22, 2014;

d) Each and every document relating to any discussions, conversations, and/or interviews that Defendant have had or conducted with any individual relating to Plaintiff, and/or his employment/affiliation with Defendant, and/or the events of July 22, 2014; and,

e) Each document that reflects any email communications sent to or about Plaintiff, or sent to UBNS from Plaintiff that references, mentions, concerns, pertains to and/or relates to Defendant's affiliation with Plaintiff and/or the events of July 22, 2014.

**RESPONSE**:

**Objection. Any and all documents responsive to this demand fall within the purview of attorney client privilege other than the investigative report already provided. All notes and memoranda created in the course of that investigation were made in the presence of and/or for counsel and therefore are privileged. Additionally, Plaintiff was never an employee of UBNS at any time for any purpose and was never affiliated with UBNS.**

**REQUEST No. 8:**

From January 1, 2010 to the present, provide all documents reflecting and/or responding to any complaints, whether formal or informal, made internally or externally, concerning any allegations of harassment and/or inappropriate conduct towards or in the presence of any person(s) on the basis of any individual's sex, gender, religion, race, ethnicity, or national origin made by Defendant Elad Levy, and/or condoned or endorsed by Defendant Elad Levy.

**RESPONSE:**

**Other than the complaint by Dr. Popat, no other complaints, written or verbal, have been received as against Dr. Levy for any reason or any purpose. UBNS therefore does not have any documents responsive to this demand.**

**REQUEST No. 9:**

Provide all documents related to discrimination awareness or similar programs/trainings attended by UBNS doctors, including, without limitation, Defendant Levy.

**RESPONSE**:

**UBNS is not in possession of any materials for the presentation provided by Sharon Nolan-Weiss in 2015 of which Dr. Levy attended voluntarily. UBNS has no other documents responsive to this demand.**

**REQUEST No. 10:**

All documents regarding complaints made against Dr. Levy, including, without limitation, Plaintiff's complaints, related to working relationships and/or Defendant Levy's behavior with others.

**RESPONSE:**

**Objection. This demand is repetitive and therefore bordering on harassing. That objection notwithstanding and without waiver of said objection, UBNS has no record of any complaints, verbal or written in any form, of complaints regarding Dr. Levy's "behavior".**

**REQUEST No. 11:**

Regarding the relevant time period, provide all documents reflecting the names of: (i) all persons serving on UBNS' Board of Directors; and (ii) all persons serving as UBNS Officers.

**RESPONSE:**

**Objection. This demand is overly broad, burdensome, and unlikely to lead to any relevant and/or admissible evidence. That objection notwithstanding, and without waiver of said objection, upon information and belief, the UBNS board of directors and officers in 2014, which is the only relevant time period at issue in this litigation, were as follows:**

1) **Elad Levy, MD—Chairman**
2) **Adnan Siddiqui, MD, Ph.D—Vice President**
3) **John Pollina, MD--Secretary**
4) **Kenneth Snyder, MD, Ph.D—Treasurer**
5) **L. Nelson Hopkins, MD**
6) **Kevin Gibbons, MD**
7) **James Budney, MD**
8) **Jody Leonardo, MD**
9) **Veetai Li, MD**
10) **Robert Plunkett, MD**
11) **Gregory Castiglia, MD**
12) **John Fahrbach, MD**
13) **Douglas Moreland, MD**

**REQUEST No. 12:**

Provide any documentation reflecting UBNS's corporate structure, including but not limited to, certificates of incorporation, organization charts, and bylaws.

**RESPONSE:**

**Please find attached UBNS's Certificate of Incorporation and Corporate Bylaws.**

**REQUEST No. 13:**

Provide all compensation records regarding payments made by UBNS to plaintiff or to the Delaware Medical Group, P.C., for the relevant time period.

**RESPONSE**:

**No such documents exist. Dr. Popat and Delaware Medical Group P.C were never employees, contractors or agents of UBNS, nor were they in any contractual relationship whatsoever. No compensation was made to Dr. Popat or Delaware Medical Group, PC.**

**REQUEST No. 14:**

From January 1, 2010 to the present, provide all billing records regarding surgeries or consultations performed by UBNS that included working with plaintiff or the Delaware Medical Group, P.C.

**RESPONSE:**

**Objection. This demand is patently improper as it calls for HIPAA protected information. Further, Dr. Popat would certainly have copies of any and all billing for cases he performed in conjunction with any UBNS surgeon from 2010 to the present.**

**REQUEST No. 15:**

Provide all documents reflecting any referrals made by UBNS or their affiliates to plaintiff and/or Delaware Medical Group, P.C. from January 1, 2012 through the present time.

**RESPONSE:**

**Objection. This demand is overly broad, burdensome and oppressive. It also appears to be requesting portions of medical records which would reflect a referral without a HIPAA compliant authorization. That objection notwithstanding, and**

**without waiver of said objection, UBNS has provided the names of each surgeon in its employee in the past and presently who is known to have performed surgeries with Dr. Popat. Such information can be obtained through the physicians at a deposition.**

**REQUEST No. 16:**

Provide all documents demonstrating the number of surgeries performed by UBNS with plaintiff from January 1, 2010 to the present time, including without limitation, patients for whom UBNS consulted with plaintiff.

**RESPONSE:**

**Attached hereto are two (2) excel spreadsheets representing surgeries where Dr. Popat was identified as a co-surgeon with UBNS surgeons.**

**REQUEST No. 17:**

Provide all documents related to, reflecting, and/or responding to complaints, whether formal or informal, external or internal, concerning Dr. Elad Levy, including without limitation, the events of July 22, 2014.

**RESPONSE:**

**This demand is beyond repetitive and therefore bordering harassment. No further response is necessary. See responses above.**

**REQUEST No. 18:**

For the relevant period, produce all documents received from, or generated by any person employed or controlled by UBNS, or any agency or department, whether internal or external, controlled or not controlled by UBNS, pursuant to an investigation of Dr. Elad Levy and any allegations of harassment or inappropriate conduct by Defendant Elad

Levy concerning any mention of an individual's race, gender, sex, religion, ethnicity, or national origin, including, but not limited to, the events of July 22, 2014.

**RESPONSE:**

**This demand is beyond repetitive and therefore bordering harassment. No further response is necessary. See responses above.**

**REQUEST No. 19:**

Provide all documents related to the July 22, 2014 surgery, including billing records and communications with the patient, the patient's family, and with the surgical team.

**RESPONSE:**

**Objection. This demand is improper. It is requesting HIPAA protected information without a proper exception and/or authorization. Further, these documents were already supplied in the responses of Dr. Levy. UBNS is not in possession of any additional documents responsive to this demand.**

**REQUEST No. 20:**

Provide all documentation that supports your allegation in paragraph 112 of your Answer that Plaintiff's claims are time barred.

**RESPONSE:**

**Objection. This demand is improper, overly burdensome, vague and oppressive. That objection notwithstanding, and without waiver of said objection, see Defendant Levy and UBNS's prior motion papers wherein we continue to allege**

**that UBNS as an entity should have been included in the EEOC charge, which plaintiff failed to do.**

**REQUEST No. 21:**

Provide all documentation that supports your allegation in paragraph 114 of your Answer that Defendant Elad Levy's actions towards Plaintiff were based on legitimate, non-discriminatory reasons.

**RESPONSE:**

**Objection. This demand is repetitive, harassing, improper, oppressive and overly burdensome. That objection notwithstanding, and without waiver of said objection, all documents in support of Dr. Popat being discharged for his conduct in the operating room, to wit, putting a patient at severe risk for harm, have been disclosed. UBNS is not in possession of any further documents responsive to this demand.**

**REQUEST No. 22:**

Provide all documentation that supports your allegation in paragraph 119 of your Answer that Plaintiff failed to mitigate his damages.

**RESPONSE:**

**Plaintiff has failed to provide evidence of his alleges economic loss and other damages in his initial discovery, as required by the Federal Rules of Civil Procedure 26(a)(1)(A)(iii), and therefore UBNS has no basis for measuring Plaintiff's income prior to and following the termination of his temporary volunteer appointment. Upon information and belief, discovery will produce evidence that Plaintiff either**

**caused or failed to mitigate any alleged economic loss and other damages resulting from said termination.**

**REQUEST No. 23:**

Provide all documentation that relates to Defendant Levy's counterclaim for slander per se as alleged in paragraphs 126-132 of your Answer.

**RESPONSE:**

**Objection. This request is vague and overly broad. Those objections notwithstanding, and without waiver of said objections, UBNS is not in possession of any additional documents responsive to this demand. Dr. Levy and UBNS have identified multiple witnesses who can testify to discussions, but no further documents responsive to this demand are in the possession and/or control of Dr. Levy or UBNS.**

**REQUEST No. 24:**

Provide all documents related to your claims or defenses.

**RESPONSE:**

**This demand is patently improper, overly broad, vague, and overly burdensome. That objection notwithstanding, and without waiver of said objection, UBNS intends to serve discovery demands upon the Plaintiff and other non-parties vis a vis subpoena which he intends to use during the depositions and/or at the trial of this action. Upon receipt of said documents, same will be provided to Plaintiff and all parties pursuant to the Fed. R. Civ Proc. and other mandates of discovery as set forth by the Court.**

**REQUEST No. 25:**

Produce each document identified, relied on, and/or referred to by you in your responses to Plaintiff's First Set of Interrogatories and documents identified and/or referred to in your Initial Disclosures pursuant to Rule 26(a).

**RESPONSE:**

**Objection. This demand is patently improper, overly broad, vague, and overly burdensome. That objection notwithstanding, and without waiver of said objection, UBNS has disclosed any and all documentation responsive to this demand. Further, UBNS intends to serve discovery demands upon the Plaintiff and other non-parties vis a vis subpoena which he intends to use during the depositions and/or at the trial of this action. Upon receipt of said documents, same will be provided to Plaintiff and all parties pursuant to the Fed. R. Civ Proc. and other mandates of discovery as set forth by the Court.**

**REQUEST No. 26:**

Produce all documents UBNS will use during depositions or trial of this matter.

**RESPONSE:**

**Objection. This demand is patently improper, overly broad, vague, and overly burdensome. That objection notwithstanding, and without waiver of said objection, UBNS has disclosed any and all documentation responsive to this demand. Further, UBNS intends to serve discovery demands upon the Plaintiff and other non-parties vis a vis subpoena which he intends to use during the depositions and/or at the trial of this action. Upon receipt of said documents, same will be**

**provided to Plaintiff and all parties pursuant to the Fed. R. Civ Proc. and other mandates of discovery as set forth by the Court.**

**REQUEST No. 27:**

Produce all documents regarding any complaints or disputes between or among Plaintiff, Delaware Medical Group, P.C., and UBNS' billing department.

**RESPONSE:**

**Objection. This demand is overly broad, vague, oppressive and repetitive. That objection notwithstanding, and without waiver of said objection, UBNS intends to rely on the testimony of identified witnesses to Dr. Popat's inappropriate, aggressive, harassing and unprofessional conduct towards billers at UBNS.**

**REQUEST No. 28:**

Produce all documents related to any affiliation or relationship between or among UBNS and plaintiff and/or Delaware Medical Group, P.C.

**RESPONSE:**

**Objection. This demand is repetitive and bordering on harassing. That objection notwithstanding, and without waiver of said objection, UBNS has never in the past nor currently had an affiliation or relationship with Dr. Popat and/or Delaware Medical Group, P.C., and therefore, no such documents exist that are responsive to this demand. Dr. Popat was requested on an as needed basis to consult on patients by individual UBNS surgeons at their discretion. Dr. Popat continues to operate with UBNS surgeons, at their request, within their discretion.**

**REQUEST No. 29:**

All documents related to UBNS's relationship and involvement with SUNY, including without limitation, the UBMD Physician's Group (as referenced in the operative Complaint and on UBNS's website [as of 1/16/2019]).

**RESPONSE:**

**Objection. This demand is repetitive of demands already made and responded to by Dr. Levy. That objection notwithstanding, and without waiver of said objection, please find attached the Affiliation Agreement between Kaleida Health, ECMCC, and University at Buffalo.**

Dated: Buffalo, New York
March 12, 2019

**UBNS EXPRESSLY RESERVES THE RIGHT TO SUPPLEMENT AND/OR AMEND RESPONSES TO THESE DOCUMENT REQUESTS AS MORE INFORMATION IS OBTAINED THROUGH DISCOVERY.**

______________________________
**Michael Cournyea, CEO, UBNS**

**Sworn to before me on this** 12
**Day of March, 2019.**

______________________________

**COLLEEN K MATTREY**
**Notary Public, State of New York**
**No. 02MA6158516**
**Qualified in Erie County**
**Commission Expires April 6, 2019**

**CERTIFICATE OF SERVICE**

The undersigned, attorney for Defendants Elad Levy M.D. and UB Neurosurgery, Inc., hereby certify that on March 13, 2019, she caused a true and correct copy of the foregoing, to be served upon the Plaintiff and Co-Defendants in this action by transmitting a true copy of same via electronic mail addressed to the following individuals and on March 14, 2019 by depositing a true copy of same enclosed in a postpaid addressed wrapper, in an official depository under the exclusive care and custody of the United States post office within the State of New York to:

Amy Hemenway, Esq.
c/o Harter Secrest & Emery, LLP
Twelve Fontain Plaza, Suite 400
Buffalo, NY 14202-2293
(716) 853-1616
ahemenway@hselaw.com

Peter J. Glennon, Esq.
c/o The Glennon Law Firm, P.C.
160 Linden Oaks
Rochester, NY 14625
(585) 210-2150
PGlennon@GlennonLawFirm.com

George Michael Zimmerman
Assistant Attorney General of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
(716) 853-8444
George.Zimmermann@ag.ny.gov

/s/ *Colleen K. Mattrey*
Colleen K. Mattrey, Esq.
Ricotta, Mattrey, Callocchia, Markel & Cassert
496 Main Street
Buffalo, New York 14202
(716) 854-6424
ckm@ricottalaw.com