UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAURIN POPAT, M.D.,
        Plaintiff,

v.                                                    15-CV-1052W(Sr)

ELAD LEVY, MD.,

THE STATE UNIVERSITY OF NEW YORK
AT BUFFALO

UNIVERSITY AT BUFFALO SCHOOL
OF MEDICINE AND BIOSCIENCE,

UNIVERSITY AT BUFFALO
NEUROSURGERY GROUP,

UNIVERSITY AT BUFFALO
NEUROSURGERY, INC.,

and

KALEIDA HEALTH,
        Defendants.

---

## DECISION AND ORDER

This matter was referred to the undersigned by the Hon. Elizabeth A. Wolford, in accordance with 28 U.S.C. § 636(b), for all pretrial matters. Dkt. #17.

On February 25, 2021, the day before his scheduled deposition, plaintiff produced a PDF file containing 19 pages of personal notes identified as: (1) Record of Events July 7-23, 2014 (8 pages); Levy Incident of Discrimination, Harassment and Abuse of Authority Addendum: July 31 to August 1, 2014 (4 pages); and (3) Events/Dates Subsequent to Racial Harassment (7 pages). Dkt. #137-1, ¶ 7-8 & Dkt. #137-2. At his deposition, which was conducted on March 11, 2021, plaintiff testified

that he referred to these documents during his interview and meeting with Sharon Nolan-Weiss, Director of the Office of Equity, Diversity and Inclusion at the State University of New York at Buffalo (SUNY Buffalo"), who was investigating his complaints, but was never asked to disclose them. Dkt. #137-3, p.4. Dr. Popat testified that he typed each of the documents contemporaneously, at different times, at home on a laptop computer which was no longer operational. Dkt. #137-3, pp.2-3. Dr. Popat testified that he had backed up the documents on a flash drive before the computer ceased to operate. Dkt. #137-3, p.5. He testified that he made no alterations to the documents since he drafted them. Dkt. #137-3, p.5. Plaintiff referred and deferred to these documents during the course of his deposition testimony. Dkt. #137-1, ¶ 26.

On March 24, 2021, defendants served plaintiff with a request for production seeking, *inter alia*, the flash drive/storage device containing the digital file of his personal notes. Dkt. #137-5, p.2.

On April 23, 2021, plaintiff objected to production of the flash drive/storage device on the ground that it would also disclose many of plaintiff's personal documents that have no relevance to this action. Dkt. #137-6, p.7. Instead, plaintiff provided a .zip folder containing the original versions of plaintiff's notes which were copied from the flash drive/storage device in such a manner as to preserve the original metadata. Dkt. #137-6, p.7.

By letter dated April 26, 2021, defendants argue that they have a right to inspect the flash drive/storage device to assess when it was created and if and when it may have been edited. Dkt. #137-7. Defendants acknowledge that plaintiff's representative may be present during the inspection to ensure that the forensic expert does not access unrelated data. Dkt. #137-1, ¶ 21.

Currently before the Court is a motion by defendants Elad Levy, M.D.. and University at Buffalo Neurosurgery ("UBNS"), to compel plaintiff to produce the flash drive/storage device for inspection by defendants' forensic computer analyst. Dkt. #137. In support of the motion, defendants' forensic analyst affirms that, although analysis of the laptop would be preferable, the flash drive/storage device would retain electronic data regarding access to each document, including dates, time, duration of access, device from which the document was accessed, and whether information was added to or deleted from the documents. Dkt. #137-8, ¶ 10. Defendants' forensic analyst further affirms that the documents provided in the .zip drive does not permit review of this information and that the basic property information it does reveal can be modified prior to disclosure. Dkt. #137-8, ¶ 4. Defendants argue that, having failed to produce the documents as part of plaintiff's initial disclosure or in response to defendants' discovery demands, defendants are entitled to verify that the documents were created contemporaneously with events that occurred in 2014 and were not supplemented or altered prior to their disclosure in 2021. Dkt. #137-9. Defendants note that the documents are the first indication that plaintiff complained about Dr. Levy's conduct prior to Dr. Levy's termination of his position as a Voluntary Clinical Associate Professor in the Department of Neurosurgery at UB Medical School. Dkt. #137-9, p.5.

Plaintiff affirms that the flash drive/storage device contains thousands of personal and private documents, including confidential communications with his attorney and his attorneys's work product and other privileged documents. Dkt. #141, ¶¶ 1-2.  Plaintiff recalls that the documents were created on his personal laptop, an HP Pavilion dv6000, or a Fujitsu Lifebook T Series. Dkt. #141, ¶ 10. Plaintiff declared that Best Buy Geek Squad was unable to backup data from the HP Laptop when it ceased to function in May of 2018. Dkt. #141, ¶ 10. Plaintiff retains possession of the HP laptop. Dkt. #141, ¶ 13. Plaintiff also retains possession of the Fujitsu Lifebook, which

still works. Dkt. #141, ¶ 14. Although he does not recall exactly when the documents were saved to the flash drive/storage device, he affirms that he has "not modified any of the three documents discussed above since the summer of 2014." Dkt. #141, ¶¶ 16-17. Because the documents were written contemporaneously while the events were fresh in his mind, plaintiff has no doubt that the facts recounted in the documents are entirely accurate. Dkt. #141, ¶ 18. Plaintiff affirms that he thought he had provided these documents to counsel and only learned that they had not been disclosed after informing his attorneys that he had reviewed the documents in preparation for his deposition. Dkt. #141, ¶ 121. Plaintiff does not object to defendants' request for the metadata, but argues that production of copies of the digital files with the metadata preserved is sufficient and that a forensic analysis of the flash drive/storage device is disproportionately intrusive. Dkt. #141-1, p.12. Plaintiff's forensic analyst declares that he created a forensic image of the flash drive and reviewed metadata from the three documents at issue, each of which were last modified in 2014. Dkt. #141-2, ¶¶ 3-8. He also declares that all three documents were first saved to the flash drive on June 9, 2019. Dkt. #141-2, ¶ 14. While inspection of the flash drive/storage device would reveal access to the files, plaintiff's forensic analyst states it would not reveal whether any of the files were modified. Dkt. #141-2, ¶ 14.

Defendants question where the documents were stored prior to their transfer to the flash drive/storage device on June 9, 2019. Dkt. #142, ¶ 9. Defendants reiterate that they are asking only to access the original flash drive/storage device and extract the metadata from these three files while in the presence of plaintiff's forensic expert. Dkt. #142, ¶ 14.  In addition, given plaintiff's revelation that he is in possession of two computers on which he may have written the documents - one of which is still operational - defendants also ask to inspect the computers. Dkt. #142, ¶¶ 17.

Rule 34(a) of the Federal Rules of Civil Procedure allows a party to serve a request to produce and permit inspection of designated documents or electronically stored information. As set forth in Rule 26(b), the scope of such a request is limited to non privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. The Advisory Committee Notes to the 2006 Amendment specifically recognize that inspection of certain types of electronically stored information "may raise issues of confidentiality or privacy" and that "[c]ourts should guard against undue intrusiveness resulting from inspecting or testing such systems." It is well-settled, however, "that discrepancies or inconsistencies in the responding party's discovery responses may justify a party's request to allow an expert to create and examine a mirror image of a hard drive." *Schreiber v. Friedman*, 2017 WL 11508067, at *5 (E.D.N.Y. Aug. 15, 2017) (internal quotation omitted). "Courts have also ordered computer imaging when there is reason to believe that a litigant has tampered with the computer or hidden relevant materials that are the subject of court orders." *Id.* (collecting cases).

While there is no reason to believe that plaintiff has tampered with the documents at issue in this matter, the inadvertent withholding of these documents from plaintiff's initial disclosure warrants confirmation of the date they were last modified so as to dispel future arguments over their evidentiary value. To address plaintiff's privacy concerns, the parties shall jointly compensate a neutral forensic expert to extract targeted image files of the three documents, with metadata, from the flash drive/storage device. The neutral forensic expert shall also be permitted to inspect the Fujitsu Lifebook T Series for the three documents and, if any of those documents are stored on the Fujitsu Lifebook T Series, the neutral forensic expert may extract targeted image files of any of those documents from that device. If the extraction from the flash drive/storage device and the Fujisu Lifebook T Series is inconclusive as to the creation,

modification and transfer of the three documents to the flash drive/storage device, defendants may ask the neutral forensic expert, at defendants' expense, to inspect the HP Pavilion HP Pavilion dv6000 to ascertain whether it is possible to extract targeted image files, with metadata, for the three files at issue from that device.

**SO ORDERED.**

**DATED:**   **Buffalo, New York**
**November 5, 2021**

                                                _s/ H. Kenneth Schroeder, Jr._
                                                **H. KENNETH SCHROEDER, JR.**
                                                **United States Magistrate Judge**