UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SAURIN POPAT, M.D.,

                Plaintiff,

v.

ELAD LEVY, M.D., et al.,

                Defendants.
_____

**DECISION AND ORDER**

1:15-CV-01052 EAW

Pending before the Court are objections filed by plaintiff Saurin Popat, M.D., ("Plaintiff") (Dkt. 180) to a Decision and Order issued by United States Magistrate Judge H. Kenneth Schroeder, Jr. (Dkt. 178) resolving Plaintiff's motion to compel and for sanctions (Dkt. 158) against defendant University at Buffalo Neurosurgery Group, Inc. ("UBNS"). For the reasons that follow, the Court overrules Plaintiff's objections and affirms Judge Schroeder's Decision and Order.

**BACKGROUND AND PROCEDURAL HISTORY**

The Court assumes the parties' familiarity with the background facts relevant to Plaintiff's objections, which are included in the Magistrate Judge's Decision and Order dated September 29, 2022. (*See* Dkt. 178 at 2-8).

In sum, the dispute in question arises from UBNS's failure to preserve electronically stored information ("ESI"). In the September 29, 2022 Decision and Order, Judge Schroeder concluded that UBNS "should have been aware of the potential that its servers contained relevant ESI well before the auto delete feature would have erased any such ESI

from its servers," and that "[t]here is no excuse for UBNS' apparent failure to make any effort to preserve ESI referencing plaintiff" after August 20, 2014. (Dkt. 178 at 14). He described UBNS's argument to the contrary as "disingenuous." (*Id.*). Notwithstanding these conclusions, Judge Schroeder found that UBNS's failure to preserve ESI did not rise to the requisite level of intent sufficient to warrant sanctions. In addition, Judge Schroeder concluded that there was an absence of prejudice to Plaintiff arising from the conduct because subsequent efforts to retrieve the information had largely been successful. (*Id.* at 14-16).

On October 13, 2022, Plaintiff filed his objections to the September 29, 2022 Decision and Order. (Dkt. 180). Following the filing of Plaintiff's objections, on October 31, 2022, Magistrate Judge Schroeder issued a supplemental Decision and Order that resolved additional issues not addressed in the September 29, 2022 Decision and Order. (Dkt. 182). On November 2, 2022, in response to Judge Schroeder's supplemental Decision and Order, Plaintiff withdrew a portion of his objections. (Dkt. 183). UBNS filed a response opposing Plaintiff's remaining objections on November 3, 2022. (Dkt. 184).

## DISCUSSION

The standard of review for objections to a nondispositive determination is highly deferential and the determination may be set aside only if clearly erroneous or contrary to law. *See, e.g.*, *Eisai Ltd. v. Dr. Reddy's Labs., Inc.*, 406 F. Supp. 2d 341, 342 (S.D.N.Y. 2005) ("Under Fed. R. Civ. P. 72(a), a District Court may set aside a Magistrate Judge's determination on a '[n]ondispositive [m]atter[ ]' only if that determination is 'clearly

erroneous or contrary to law.' Discovery rulings . . . are nondispositive matters subject to that standard of review." (alterations in original)).  The parties do not dispute that the matters at issue in the September 29, 2022 Decision and Order are nondispositive.  *See Pugh-Ozua v. Springhill Suites*, No. 18-CV-1755 (RA), 2020 WL 6562376, at *1 (S.D.N.Y. Nov. 9, 2020) (applying "clearly erroneous or contrary to law" standard of review to objections to magistrate judge decision denying sanctions arising from failure to preserve ESI).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Laufer,* No. 17CV9424(CS)(JCM), 2023 WL 4200865, at *1 (S.D.N.Y. June 27, 2023) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A ruling is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Bulgari v. Bulgari*, No. 22 CIV. 5072 (LGS), 2023 WL 3936673, at *1 (S.D.N.Y. June 9, 2023) (quoting *Nike, Inc. v. StockX LLC*, No. 22 Civ. 983, 2023 WL 3091671, at *1 (S.D.N.Y. Apr. 26, 2023)).  This standard "affords magistrate judges 'broad discretion in resolving discovery disputes.'" *New Falls Corp. v. Soni*, No. 18CV02768HGLGD, 2023 WL 3877956, at *1 (E.D.N.Y. June 8, 2023) (quoting *Duffy v. Ill. Tool Works, Inc.*, No. 15-cv-7407, 2022 WL 1810732, at *1 (E.D.N.Y. June 2, 2022)).

The underlying dispute at issue in Plaintiff's objections is governed by Rule 37(e) of the Federal Rules of Civil Procedure.  Rule 37(e) provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>> (A) presume that the lost information was unfavorable to the party;
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37. In other words, the Court must conduct a three-part assessment:

> The first is to decide if the rule applies at all – that is, if a party failed to take 'reasonable steps' to preserve [ESI] 'that should have been preserved in the anticipation or conduct of litigation.' Fed. R. Civ. P. 37(e). If so, then the second step is to decide if there has been 'prejudice to another party from loss of the information,' in which case the Court 'may order measures no greater than necessary to cure the prejudice.' Fed. R. Civ. P. 37(e)(1). Lastly, the third step to consider – regardless of prejudice to any other party– is whether the destroying party 'acted with the intent to deprive another party of the information's use in the litigation,' in which event a court may consider whether to impose the most severe of measures such as mandatory presumptions or instructions that the lost information was unfavorable or the entry of default judgment.

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 341 F.R.D. 474, 494 (S.D.N.Y. 2022) (quoting *Doubleline Cap. LP v. Odebrecht Fin., Ltd.*, No. 17 Civ. 4576 (GHW) (BCM), 2021 WL 1191527, at *4-5 (S.D.N.Y. Mar. 30, 2021)); *see also See Suriel v. Port Auth. of New York & New Jersey*, No. 19CV3867 (PKC)(ST), 2023 WL 2727522, at *3 (E.D.N.Y. Mar. 31, 2023) ("Courts have observed that the 2015 amendment to Rule 37(e) 'makes it more difficult for a moving party to obtain sanctions for spoliation of ESI' because it requires 'at a minimum, that the court find prejudice, and, in order to impose more extreme sanctions, that it find an intent to deprive.'" (quoting *Mule v. 3-D Bldg. &*

*Constr. Mgmt. Corp.*, No. 18-CV-1997 (JS) (AKT), 2021 WL 2788432, at *6 (E.D.N.Y. July 2, 2021)). "Ultimately, '[t]he decision of what type of sanction is appropriate in a given case is left to the sound discretion of the district court.'" *Matthews v. New York State Dep't of Corr. & Cmty. Supervision*, No. 9:17-CV-503, 2023 WL 2664418, at *13 (N.D.N.Y. Mar. 28, 2023) (quoting *Tchatat v. O'Hara*, 249 F. Supp. 3d 701, 706 (S.D.N.Y. 2017)).

The Court has reviewed Judge Schroeder's Decision and Order and finds that it is neither clearly erroneous nor contrary to law.

As noted, Judge Schroeder concluded that UBNS failed to take reasonable steps to preserve ESI that should have been preserved in the course of the litigation. Plaintiff does not contest this conclusion. (Dkt. 180 at 8). Rather, Plaintiff argues that the Court erred in then concluding that there was not an adequate showing that UBNS had an intent to deprive Plaintiff of evidence for use in this litigation or a demonstration of prejudice, as required to award sanctions.

As the cases cited by Judge Schroeder and the parties hold, in order to impose sanctions, a party must establish more than a failure to preserve ESI. Plaintiff argues that UBNS's delay in confirming that the data was properly preserved and failure to cure the error until Plaintiff commenced motion practice demonstrates its intent to deprive, but he has not shown that Judge Schroeder overlooked those facts or that Judge Schroeder's conclusion otherwise was clearly erroneous or contrary to law. Similarly, separate from the lack of intent, Judge Schroeder concluded that sufficient prejudice had not been established in light of the subsequent recovery of the ESI, either from other parties or by

UBNS's retention of a third-party vendor tasked with reviewing archived files, resulting in a retrieval of the majority of missing information.  While Plaintiff contests the suggestion that he has now obtained all of the outstanding relevant ESI and points to evidence of emails he obtained from other parties that were not retrieved from UBNS's archives, again, he simply has not sufficiently shown that Judge Schroeder's conclusion regarding prejudice was clearly erroneous or contrary to law.

In short, Rule 37 makes clear that it is incumbent on the moving party to show more than a failure to take reasonable steps to preserve ESI; he must also show both prejudice and an intent to deprive the other party of evidence to warrant the imposition of sanctions.  Plaintiff has not identified errors in law or fact in Judge Schroeder's Decision and Order on either of those points that would warrant setting aside his determination.  *See Murphy v. City of Elmira*, No. 18-CV-6572-FPG, 2023 WL 2867781, at *1 (W.D.N.Y. Apr. 10, 2023) ("Plaintiff has not, however, pointed to controlling decisions or other information that [the magistrate judge] overlooked and that might reasonably have been expected to alter [his] conclusion."); *Roche Freedman LLP v. Cyrulnik*, No. 21-CV-1746(JGK), 2023 WL 2138540, at *1 (S.D.N.Y. Feb. 21, 2023) ("[T]he Magistrate Judge's contrary conclusion was neither clearly erroneous nor contrary to law.  Rather, it was well within the Magistrate Judge's 'broad discretion in resolving discovery disputes.'" (quoting *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 804 (S.D.N.Y. 2017)).  To the contrary, on the current record, Judge Schroeder was well within his discretion to conclude that the imposition of Rule 37(e) sanctions were unwarranted.

## **CONCLUSION**

For the foregoing reasons, the Court overrules Plaintiff's objections (Dkt. 180) and affirms Judge Schroeder's Decision and Order (Dkt. 178).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  June 30, 2023
        Rochester, New York