UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAURIN POPAT, M.D.,

                Plaintiff,

    v.

ELAD LEVY, M.D., et al.,

                Defendants.

**DECISION AND ORDER**

1:15-CV-01052 EAW

---

Pending before the Court are motions to seal certain exhibits related to pending motions for summary judgment.  (Dkt. 210; Dkt. 214).

## MOTION TO SEAL BY DR. LEVY AND UBNS

On January 8, 2024, defendants Elad Levy, M.D. and University at Buffalo Neurosurgery, Inc. ("UBNS"), filed a motion to seal unredacted versions of certain exhibits submitted in support of their pending summary judgment motion:  Exhibit M, which contains text messages from a patient; Exhibit N, which contains the tax returns of plaintiff Saurin Popat, M.D.; Exhibit V, which contains a list of patients referred to Dr. Popat; Exhibit W, which contains a list of surgeries with confidential billing information; and Exhibit X, which also contains a list of surgeries with confidential billing information. (Dkt. 210).  Dr. Levy and UBNS argue that the records should be sealed because they contain private financial records, including tax returns, pricing, and billing information. (Dkt. 210-1 at ¶¶ 5-6).  They also argue that patient names and other protected records are

required to be kept confidential pursuant to statute, and the patients have not waived their right to confidentiality.  (*Id*. at ¶¶ 7-8).  The motion is unopposed.

To overcome the presumption of public access to judicial documents, the Court must make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  "[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches. . . ." *Id.* at 121.  "[T]he Second Circuit has emphasized that the weight of the presumption as it relates to documents filed in connection with summary judgment motions 'is of the highest: "documents used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons*."'"  *Moroughan v. Cnty. of Suffolk*, No. 12-CV-0512 JFB AKT, 2021 WL 280053, at *2 (E.D.N.Y. Jan. 24, 2021) (quoting *Lugosch*, 435 F.3d at 123).

The Court concludes that the presumption of public access has been overcome with respect to the subject exhibits.  Exhibit N should be sealed because it consists of tax returns. *Kloppel v. HomeDeliveryLink, Inc.*, 2022 WL 1210484, at *1 n.1 (W.D.N.Y. April 25, 2022) (citing *Solomon v. Siemens Indus., Inc.*, 8 F. Supp. 3d 261, 285 (E.D.N.Y. 2014) ("Tax returns are generally afforded special protection from public disclosure.")).

Exhibit M and Exhibit V contain patient information protected under the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 ("HIPAA").  HIPAA protects from disclosure "protected health information" related to the

"treatment, payment, or healthcare operations." 45 C.F.R. § 164.502(a).  The term "health information" covers, among other things, "past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual."  *Id*. at § 160.103.  "Courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information." *Offor v. Mercy Med. Ctr*., 167 F. Supp. 3d 414, 445-46 (E.D.N.Y. 2016) (granting motion to seal complaint allegations containing information protected from disclosure by law) (collecting cases), *vacated on other grounds*, 676 F. App'x 51 (2d Cir. 2017)).

In addition, Exhibit W and Exhibit X contain sensitive information relating to UBNS's billing practices.  "Courts have limited public access to sensitive business information by sealing portions of the record, finding that safeguarding trade secrets can overcome the presumption of access."  *Hesse v. SunGard Sys. Int'l*, No. 12 CIV. 1990 CM JLC, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (exhibits that "include sensitive client information and proprietary business information, including *inter alia*, the company's billing rates and project pricing, as well as details of specific projects completed for several clients" should be sealed) (citing *Encyclopedia Brown Prods., Ltd. v. Home Box Office*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998).

The Court will arrange for the filing under seal of Exhibits M, N, V, W and X.

## MOTION TO SEAL BY UNIVERSITY DEFENDANTS

On February 12, 2024, defendants the State University of New York at Buffalo and the University at Buffalo School of Medicine and Biomedical Sciences ("the University Defendants") filed a motion to file under seal copies of Dr. Popat's contracts with non-party Erie County Medical Center ("ECMC"), to be relied upon by the University Defendants in opposing Dr. Popat's pending motion for summary judgment. Specifically, the University Defendants reference in their attorney's declaration as Exhibit A two separate contracts between Dr. Popat and ECMC—one dated June 1, 2014, and the other dated September 20, 2017. (*See* Dkt. 220-3). The University Defendants argue that the documents were subject to a Stipulated Protective Order (Dkt. 98), that Dr. Popat's counsel objected to their filing on the public docket, and that they contain information related to Plaintiff's compensation agreement with ECMC. (Dkt. 214-1 at ¶¶ 3, 4, 6). The motion is unopposed.

It is well-established that "[c]onfidentiality agreements alone are not an adequate basis for sealing" and "[m]aterial designated as Confidential by a protective order 'might not overcome the presumption of public access once it becomes a judicial document.'" *Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19CV10104AJNKHP, 2022 WL 2116686, at *1 (S.D.N.Y. June 13, 2022) (*quoting Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015)). The presumption of public access has not been overcome with respect to these contracts—other than as to the financial information set forth therein (*i.e.*, section 8, exhibit A, and exhibit C to the June 1, 2014 contract, and section 8, exhibit A, exhibit C, and exhibit D to the September 20, 2017 contract).

- 4 -

Accordingly, on or before May 20, 2024, the University Defendants must publicly file redacted versions of the contracts so that the only information redacted is the aforementioned financial information.[1]  The Court will then file under seal unredacted versions of the contracts.

## CONCLUSION

For the foregoing reasons, the motion filed by Dr. Levy and UBNS is granted in its entirety (Dkt. 210) and the motion filed by the University Defendants is granted in part (Dkt. 214).  The University Defendants must file on or before May 21, 2024, redacted versions of the documents in accordance with this Decision and Order.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      May 14, 2024
            Rochester, New York

---

[1]      When making this filing, the University Defendants should select the continuation of exhibits option within CM/ECF and link the filing to the opposition to Dr. Popat's summary judgment motion, filed at Docket 220.